COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Bray
Argued at Richmond, Virginia


TRAVIS MAXWELL ELLINGTON

                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2370-97-2    JUDGE LARRY G. ELDER
                                      OCTOBER 20, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                 James F. D'Alton, Jr., Judge

          P. George Eliades, II (Eliades & Butterworth,
          on brief), for appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Travis Maxwell Ellington (appellant) appeals from his bench

trial conviction for petit larceny.  On appeal, he contends the

evidence was insufficient to support his conviction.  For the

reasons that follow, we agree and reverse his conviction.

                              I.

                             FACTS

     On March 21, 1997, Gary DiGuardi was doing construction work

with appellant, whom he had known for only a few weeks.  At about

3:30 p.m., DiGuardi took appellant home from work, and the two

men stopped at a house in Hopewell where appellant thought they

could get some marijuana.  They were unable to obtain any

marijuana there, but they remained, talking and drinking with a

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

female occupant of the home. About 4:30 p.m., appellant asked DiGuardi if he could borrow his truck for "a few minutes," and DiGuardi said yes. DiGuardi testified that appellant did not say why he wanted the truck or where he planned to go, but the trial court did not believe his testimony and found that "[DiGuardi] lent [appellant] the truck as an open-ended loan to get drugs." DiGuardi waited at the house for hours, but appellant did not return. Sometime after midnight, DiGuardi left the residence, found a telephone and called his wife, who had expected him to return home at 5:30 p.m. She picked him up, and they went to the police station to complete an offense report and went home. As they returned to the police station the next day, they saw DiGuardi's truck being driven by a person they had never seen before. When DiGuardi's wife confronted the driver and asked him where he got the car, he said that appellant had lent it to him,[1] and the driver fled.

Missing from the truck were a variety of items, including $140 in cash, a pair of binoculars and a CB radio. In addition, the car's antenna and ashtray had been ripped out.

Appellant failed to appear at work the following week. When DiGuardi got appellant's telephone number and called him, appellant said that the police had been following him and that, because he had a suspended operator's license, he had parked the

---

[1]The court ruled that the driver's statement was not admissible as substantive evidence.

truck and left it around the corner all night. He claimed not to know anything about the items missing from DiGuardi's truck, but he agreed to make restitution. When the matter came up in general district court, appellant had it continued so that he could make restitution. Although the matter was continued, the record gives no indication that appellant ever made restitution.

Appellant was tried for unauthorized use of a vehicle and grand larceny. At the close of the Commonwealth's evidence, appellant moved to strike both charges. He contended that the testimony of DiGuardi and his wife was not sufficiently credible because DiGuardi admitted he and appellant tried to buy drugs after work, a fact he earlier had failed to admit, and because he was in trouble with his wife and was "looking for a scapegoat." The court granted the motion to strike the charge of unauthorized use:

> At this point in the evidence, I see in the light most favorable to the Commonwealth. [Victim] lent the truck as an open-ended loan to get drugs, regardless of what he said. [Drugs] weren't at the house. The man went out, and I think the unauthorized use falls on that basis. He didn't have any time frame where he spent the night, and wandered around.

The court denied the motion to strike the grand larceny charge but reduced it to petit larceny. It also stated that it "accepted the majority of the investigation."

Appellant presented testimony from Stacy Ellington, his ex-wife, that DiGuardi dropped appellant off at her house at

about 4:00 p.m. on the date in question and drove off.  Appellant delivered her child support payment and remained at her home with their children until 9:30 or 10:00 p.m. that evening.

Appellant moved to strike the petit larceny charge, arguing that the court had already found the testimony of the Commonwealth's witnesses to be incredible and that this fact, coupled with Stacy Ellington's testimony that appellant left DiGuardi in the truck and spent the evening at her house, provided reasonable doubt as to appellant's guilt.  The trial judge denied the motion and found appellant guilty of petit larceny.

II.

ANALYSIS

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

> The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide.  However, whether a criminal conviction is supported by evidence sufficient to prove guilt beyond a reasonable doubt is not a question of fact but one of law.

Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986).  "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is

sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

Larceny requires proof of "the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently." Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994) (quoting Skeeter v. Commonwealth, 217 Va. 722, 725, 232 S.E.2d 756, 758 (1977)) (other citation omitted).

The circumstantial evidence in this case does not exclude all reasonable hypotheses of innocence. The evidence, viewed in the light most favorable to the Commonwealth, proved only that the money and other items were in DiGuardi's truck when he loaned it to appellant and that they were missing when DiGuardi and his wife found an unknown third person driving the truck the following day. None of the items were ever seen in appellant's possession, and appellant made no statements permitting the inference that he took the items. This circumstantial evidence left the reasonable hypothesis that this third person or some other unknown individual took the items during the time the truck was out of DiGuardi's possession. Although appellant agreed to pay restitution to DiGuardi, this agreement did not constitute an admission that appellant took the items, and he, in fact, told DiGuardi he did not take the items. Although the trial court was

not required to believe appellant's out-of-court denial, <u>see, e.g.</u>, <u>Speight v. Commonwealth</u>, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (<u>en</u> <u>banc</u>), the court's disbelief nevertheless did not provide substantive evidence of appellant's guilt.

For these reasons, we reverse and dismiss appellant's conviction.

<u>Reversed and dismissed</u>.